IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>ADAK FISHERIES, LLC, an Alaska limited liability company.<br><br>        Debtor.<br>_____<br><br>INDEPENDENCE BANK, a Rhode Island banking corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ALASKA NATIONAL INSURANCE COMPANY, an Alaska corporation,<br><br>        Defendant. | Case No. 3:10-cv-0018-RRB<br><br><br><br>**ORDER DENYING SUMMARY JUDGMENT** |

I.    **INTRODUCTION**

    Before the Court is Plaintiff Independence Bank ("the Bank") with a Motion for Summary Judgment at Docket 21. The Bank argues that there is no genuine factual dispute as to its right to certain insurance funds which were disbursed from Defendant Alaska National Insurance Company ("ANIC") to Adak Fisheries, LLC ("Adak"), a

ORDER DENYING SUMMARY JUDGMENT - 1
3:10-CV-0018-RRB

former debtor of the Bank. The Bank seeks damages for this alleged violation of the terms of Adak's insurance policy with ANIC.

ANIC opposes at Docket 26, arguing that the Bank has failed to supply sufficient evidence of its right to the insurance funds. ANIC has also made a motion for oral argument on the Bank's motion. Having reviewed the evidence and the parties' briefs, the Court concludes that summary judgment is neither necessary nor warranted.

## II. BACKGROUND

At the time of the events which are the subject of this case, Adak, the Bank's former debtor, operated a fish processing facility at 100 Supply Road in Adak, Alaska. Adak leased the premises from Aleut Enterprise Corporation ("Aleut").[1] Adak had an insurance policy with ANIC which was renewed on June 3, 2008 and effective through June 3, 2009.[2] The policy provided a variety of insurance coverages, including building property, business personal property, business income, and general commercial liability coverage.[3]

As Adak's creditor, the Bank held a number of certificates showing Adak's insurance coverage. All of the certificates contained a disclaimer which states as follows:

---

[1] Docket 26-2 at 3.

[2] Docket 22 at 11-12.

[3] Docket 22 at 11-12.

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.[4]

On the certificate which lists Adak's general liability insurance, the Bank is listed as "an additional insured as respects their interests in operations of the named insured."[5] The certificate which lists Adak's property insurance coverage does not list the Bank as an additional insured.[6]

Adak's insurance policy lists Aleut, the owner of the processing facility, as a loss payee for property damage to the facility.[7] The policy states that ANIC will "pay any claim for loss or damage jointly to [Adak] and the Loss Payee, as interests may appear."[8] The policy lists the Bank as a loss payee for Adak's "Business Personal Property," but does not list the Bank as a payee for damage to any buildings.[9] The policy states that the Bank was

---

[4] Docket 22 at 9-15.

[5] Docket 22 at 12.

[6] Docket 22 at 11.

[7] Docket 26-3 at 60.

[8] Docket 26-3 at 60.

[9] Docket 26-3 at 62.

ORDER DENYING SUMMARY JUDGMENT - 3
3:10-CV-0018-RRB

a "mortgage holder" for Adak's buildings,[10] but both parties acknowledge that this information was mistaken.[11]

As the result of a storm on or about February 12, 2009, ADAK's fish processing facility suffered structural damage. Pursuant to Adak's property insurance coverage, ANIC issued a check in the amount of $152,468.20 to Adak and Aleut jointly on June 10, 2009.[12]

## III. RULE OF DECISION

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[13] The moving party always bears the burden of demonstrating the absence of a material issue of fact.[14] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[15] Once the moving party meets this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue of material

---

[10] Docket 26-3 at 5.

[11] Docket 23 at 3.

[12] Docket 22 at 5.

[13] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[14] Celotex, 477 U.S. at 323.

[15] Id. at 323-325.

fact.[16] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[17]

**IV. DISCUSSION**

The Bank claims that it is due the entire insurance proceeds from the February 2009 property damage because it is a third party beneficiary of the insurance policy. As evidence of this claim, the Bank points to the certificates issued to the Bank, which detail the insurance coverages held by Adak. According to the Bank, "the Certificates of Property Insurance and Certificates of Liability Insurance, [...] clearly demonstrate the undisputed status of IB as a loss payee."[18] More broadly, the Bank asserts that "IB was plainly named on all of the certificates and policies as a loss payee, a clear and irrefutable designation of IB as a third-party beneficiary."[19]

Quite simply, the Bank's claims are not supported by the evidence. Nowhere in the documents submitted to the Court is the Bank listed as a loss payee for building property damage. The Bank

---

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, (1986).

[17] Id.

[18] Docket 23 at 5.

[19] Docket 23 at 5.

is listed as a payee for general liability coverage and for loss to business personal property, which does not include real property. Absent any such evidence designating the Bank as a payee for damages to the processing facility, the Bank plainly has not met its burden for summary judgment.

## V. CONCLUSION

The Bank has not produced any evidence that, on February 12 it was a "loss payee" for property damage to Adak's fish processing facility at 100 Supply Road in Adak, Alaska on Februrary 12, 2009. Therefore, the Bank's Motion for Summary Judgment at **Docket 21** is **DENIED.** ANIC's Motion for Hearing at **Docket 17** is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

ENTERED this 28th day of April, 2010.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE